# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LM INSURANCE CORPORATION,**
   A Illinois Stock Company,

      Plaintiff,

v.

**PROFESSIONAL EDUCATIONAL SERVICES GROUP LLC, PESG MI CHARTER, LLC, COACHEZ, LLC, STAFFEZ, LLC, EDUCATIONAL STAFFING SOLUTIONS, LLC, d/b/a EDUCATIONAL STAFFING RESOURCES, LLC, and PESG HOLDING COMPANY, LLC.,**

      Defendants.

Case No.: 1:15-cv-941

Hon. Robert J. Jonker

**MICHAEL P. DONNELLY (P45221)**
Fraser Trebilcock Davis & Dunlap, P.C.
One Woodward Ave., Suite 1550
Detroit, Michigan 48226
Telephone: (313) 237-7300
Fax: (313) 961-1651
Email: mdonnelly@fraserlawfirm.com
Attorneys for **Plaintiff**

> There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## FIRST AMENDED COMPLAINT

1

NOW COMES Plaintiff, LM Insurance Corporation, by and through its attorneys Fraser Trebilcock Davis & Dunlap, P.C., and for its First Amended Complaint states:

**Jurisdictional Allegations**

1.　Plaintiff LM Insurance Corporation ("Liberty") is a foreign insurance company incorporated under the laws of the State of Illinois, and has its principal place of business in Boston, Massachusetts.

2.　Further, Plaintiff Liberty is authorized to do and is doing business in the County of Kent, State of Michigan.

3.　Defendant Professional Educational Services Group, LLC ("PESG") is a Michigan limited liability company authorized and qualified to do business in the State of Michigan with its principle place of business in Caledonia, Michigan. The members of Defendant PESG are N. Henry Bledsoe and E. Georgette Bledsoe. Upon information and belief, both N. Henry Bledsoe and E. Georgette Bledsoe reside in Caledonia, in the County of Kent and State of Michigan, and are domiciled in and thus citizens of the State of Michigan.

4.　PESG Holding Company, LLC is a Tennessee limited liability company authorized and qualified to do business in the State of Michigan, with its principle place of business in Caledonia, Michigan. The sole member of PESG

Holding Company, LLC is BLF Holding Company. Through filings with the State of Michigan Licensing and Regulatory Affiars ("LARA"), BLF Holding Company is represented as a Tennessee Corporation with its principal place of business in Tennessee and with a registered office in Caledonia Michigan. BLF Holding Company is represented through filings with the Tennessee Secretary of State, however, as a Tennessee Limited Liability Company with its principle office in Tennessee and consisting of one member. Upon information and belief, the sole member of BLF Holding Company is N. Henry Bledsoe who is upon information and belief a resident, domiciliary, and thus citizen of the State of Michigan. Accordingly, if BLF Holding Company is a corporation (as represented in LARA), then PESG Holding Company, LLC is a citizen of Tennessee. If BLF Holding Company is a limited liability company (as represented through the Tennessee Secretary of State), then upon information and belief PESG Holding Company, LLC is a citizen of Michigan.

5. Coachez, LLC is a Michigan Limited Liability Company authorized and qualified to do business in the state of Michigan with its principle place of business in Caledonia, Michigan. The sole member of Coachez, LLC is PESG Holding Company, LLC. Accordingly, and as alleged in Paragraph 4 *supra*, if BLF Holding Company is a corporation (as represented in LARA), then PESG Holding Company, LLC -- and thus Coachez, LLC -- is a citizen of Tennessee, and

if BLF Holding Company is a limited liability company (as represented through the Tennessee Secretary of State), then upon information and belief, the sole member of PESG Holding Company, LLC is N. Henry Bledsoe who is, upon information and belief, a resident, domiciliary, and citizen of the State of Michigan, and thus Coachez, LLC is a citizen of Michigan.

6. Staffez, LLC, is a Michigan Limited Liability Company authorized and qualified to do business in the state of Michigan with its principle place of business in Caledonia, Michigan. The sole member of Staffez, LLC is PESG Holding Company, LLC. Accordingly, and as alleged in Paragraph 4 *supra*, if BLF Holding Company is a corporation (as represented in LARA), then PESG Holding Company, LLC -- and thus Staffez, LLC -- is a citizen of Tennessee, and if BLF Holding Company is a limited liability company (as represented through the Tennessee Secretary of State), then upon information and belief the sole member of PESG Holding Company, LLC is N. Henry Bledsoe who is, upon information and belief, a resident, domiciliary, and citizen of the State of Michigan, and thus Staffez, LLC is a citizen of Michigan.

7. Educational Staffing Solutions, LLC d/b/a Educational Staffing Resources, LLC, ("ESR") is a Michigan limited liability company authorized and qualified to do business in the State of Michigan with its principle place of business in Caledonia, Michigan. The sole member of ESR is PESG Holding

4

Company, LLC.  Accordingly, and as alleged in Paragraph 4 *supra*, if BLF Holding Company is a corporation (as represented in LARA), then PESG Holding Company, LLC -- and thus ESR -- is a citizen of Tennessee, and if BLF Holding Company is a limited liability company (as represented through the Tennessee Secretary of State), then upon information and belief the sole member of PESG Holding Company, LLC is N. Henry Bledsoe who is, upon information and belief, a resident, domiciliary, and citizen of the State of Michigan, and thus ESR is a citizen of Michigan.

8.  PESG MI Charter, LLC is a Tennessee limited liability company authorized and qualified to do business in the State of Michigan with its principle place of business in Caledonia, Michigan.  Upon information and belief, the members of PESG-MI Charter, LLC are N. Henry Bledsoe, E. Georgette Bledsoe, and Kimberly Woodson.  Upon information and belief, N. Henry Bledsoe and E. Georgette Bledsoe are residents, domiciliaries, and thus citizens of the State of Michigan and upon information and belief Kimberly Woodson is a resident, domiciliary, and thus citizen Tennessee.  Accordingly, upon information and belief, PESG MI Charter, LLC is citizen of the States of Michigan and Tennessee.

9.  The entities described in paragraphs 4 through 8 above are collectively referred to herein as the "PESG Defendants."

10. The transaction which gives rise to this lawsuit occurred in part in the County of Kent, State of Michigan.

11. The amount in controversy exceeds seventy-five thousand dollars ($75,000).

12. There is complete diversity in this matter since the Plaintiff is a citizen of Illinois and Massachussets and none of the Defendants in this matter are citizens of either Illinois or Massachussets.

13. Jurisdiction in this matter is proper pursuant to 28 U.S.C. § 1332.

**General Allegations**

14. Plaintiff hereby incorporates, by reference, Paragraphs 1 through 13 of this Complaint as though fully stated herein paragraph by paragraph.

15. With certain statutory exemptions, Michigan requires employers located in the state to provide workers' compensation insurance coverage for their employees. Plaintiff Liberty is an insurance carrier providing, *inter alia*, workers' compensation insurance coverage in Michigan. As such, Liberty is a participant in the assigned risk plan (the "Plan") for workers' compensation insurance to be available to employers required or electing under such State's law to obtain this insurance, but who are unable to obtain it in the voluntary market. The Plan is administered by the Michigan Workers' Compensation Placement Facility ("Facility").

16. According to prescribed formulas established by law, premiums for worker's compensation insurance obtained by employers through both the Plan and the voluntary market are generally calculated based upon (1) the amount of payroll expense incurred by the employer, (2) the type or classification of the employer's operation (e.g., clerical, carpentry, salespersons, etc.), and, for eligible employers, (3) a factor commonly referred to as the "experienced modification factor" or "mod factor," which reflects the employer's historical claims experience. Each classification is assigned a different rate (a higher rate for more hazardous jobs) which represents roughly the average claims experience of all employers in that State in that classification. This is known as the "manual" rate. The mod factor is a multiple applied to the premium which "personalizes" the manual rating system in accordance with that employer's individual loss history. For example, if an employer's actual claims experience were twice as bad as that of the average employer in that class, its mod factor might be 2.0 and its premium up to twice as high as that charged an average employer for the same payroll and classification(s). Conversely, if the employer's claims are better than average, it receives a credit mod factor that decreases its premium. Because it is based on actual claims experience, the mod factor develops over time. Mod factors are not applied to eligible employers until adequate premium and claims data are reported, often after the third policy year or later.

17. At the beginning of the policy period, a premium is estimated based on information provided by the employer as to the expected amount of payroll for the classification(s) best describing the employer's business, the rate assigned to that classification (or classifications), and, if applicable, the employer's mod factor. New employers, because they have insufficient or no claims experience, generally do not have any mod factor that is applicable to their premium – *i.e.*, new employers have premiums calculated at the "manual" or unmodified rate until their actual claims experience and premium level make them eligible for modification. After the end of the policy period, the carrier typically conducts an audit of the employer's actual payroll records, and the final premium is calculated on the basis of actual payroll and the employer's operations reflected in such records.

18. Through the insurance policies provided to the employers and otherwise, Liberty advises the employers and the employers are aware of the requirement and importance of providing the auditor with complete and accurate payroll records. Those accurate payroll records are required to be maintained by the employer under the insurance policies, and, upon request, furnished to the carrier.

19. Through the Plan, Plaintiff Liberty issued a workers compensation insurance policy to Defendant PESG for coverage in Michigan beginning on November 4, 2009 and ending on November 4, 2010. This policy was cancelled

for nonpayment of premium on January 25, 2010. The policy number for this policy is WC5-34S-521373-019 (the "WC 019" policy) (see **Exhibit A**).

20. Defendant PESG failed to comply with the express contractual right of Plaintiff Liberty to conduct an audit of Defendant's payroll records for the 019 policy.

21. In 2012, Defendant PESG again sought workers compensation insurance coverage through the Plan and was assigned to Plaintiff Liberty.

22. Defendant PESG purchased a second Liberty workers' compensation policy with coverage beginning on January 25, 2012 and ending on January 25, 2013. The policy number for this policy is WC5-34S-521373-022 (the "WC 022" policy) (see **Exhibit B**).

23. Subsequent to Defendant's second insurance policy, Defendant PESG purchased a third Liberty workers compensation policy with coverage beginning on January 25, 2013 and ending on January 25, 2014. The policy number for this policy is WC5-34S-521373-023 (the "WC 023" policy and collectively with WC 019 and WC 022, the "Policies") (see **Exhibit C**). The PESG Defendants where added as insureds to this policy.

24. Defendant PESG failed to comply with the post-policy audit of the WC 019and 023 policies. Plaintiff was left to calculate premium on the WC 023 policy based on the information provided by PESG and the PESG Defendants and

by application of the Facility rules. Based on Plaintiff Liberty's audits, PESG owes Liberty premiums on the WC 022 policy in the amount of $628,131.75, and on the WC 023 policy in the amount of $1,446,248.00. The audit on the WC 019 policy must be completed in order to determine if additional premium is due on that policy.

## COUNT I
## BREACH OF CONTRACT

25. Plaintiff hereby incorporates, by reference, Paragraphs 1 through 24 of this Complaint as though fully stated herein paragraph by paragraph.

26. Pursuant to the terms and conditions of the Policies, Defendant PESG and the PESG Defendants (collectively, the "Defendants") promised to comply by the terms of the Policies, which require the Defendants, *inter alia*¸ to cooperate with Liberty regarding the post-policy term audits.

27. Plaintiff fulfilled its obligations to provide appropriate workerss compensation insurance coverage to Defendant.

28. Plaintiff faithfully performed all the duties, obligations and conditions on its part pursuant to the Policies.

29. To the contrary, Defendants have received the insurance coverage that Liberty was obligated to and did provide, but have breached their contractual obligations by failing to perform their duties to cooperate in the post policy audits and to pay for premiums owed.

30. Furthermore, notwithstanding extensive prolonged demand for cooperation by Plaintiff, the Defendants have failed to allow access to their records for audit as contractually required under the Policies and have failed to otherwise comply with the terms of the Policies.

WHEREFORE, Plaintiff Liberty respectfully requests this Court to enter a Judgment in Plaintiff's favor (a) declaring that the Defendants are in breach of the Policies; (b) requiring specific performance of the Policies by the Defendants; and (c) awarding to Liberty all other relief to which it may be entitled, including but not limited to all premiums due to Liberty under the Policies, as well as Liberty's costs and reasonable attorneys' fees.

## COUNT II
## REQUEST FOR SPECIFIC PERFORMANCE

31. Plaintiff hereby incorporates, by reference, Paragraphs 1 through 30 of this Complaint as though fully stated herein paragraph by paragraph.

32. The Policies are valid, binding contracts between the parties.

33. The terms of the Policies are clear and require the Defendants to comply with their terms, which include but are not limited to, providing Liberty access to their records for a post policy audit.

34. Liberty has performed all of its duties and obligations under the aforementioned Policies.

35. Since Plaintiff Liberty has not been permitted to do a complete final audit on the WC 019 and WC 023 insurance policies, it cannot properly calculate the amount of premium due to Plaintiff.

36. Plaintiff Liberty has no adequate remedy at law.

37. Plaintiff Liberty will be irreparably harmed if it is not entitled to specific performance of the policies, including but not limited to performing a final audit on the WC 019and WC 023 policies, and the Defendants will suffer no harm by the specific performance of the policies.

WHEREFORE, Plaintiff Liberty respectfully requests this Court to enter a Judgment in Plaintiff's favor (a) declaring that Defendant PESG and the PESG Defendants are in breach of the Policies, (b) requiring specific performance of the Policies, including but not limited to ordering the Defendants to permit Liberty to conduct a physical post-policy audit of the Policies; and (c) awarding to Liberty all other relief to which it may be entitled, including but not limited to all premiums due to Liberty under the Policies, as well as Liberty's costs and reasonable attorneys' fees.

*Respectfully submitted*,

FRASER TREBILCOCK
DAVIS & DUNLAP, PC

Dated: October 1, 2015        By:  */s/ Michael P. Donnelly*
                                      Michael P. Donnelly (P45221)

Attorneys for Plaintiff
One Woodward Avenue, Suite 1550
Detroit, Michigan 48226
Telephone: (313) 237-7300
Email: mdonnelly@fraserlawfirm.com